UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOVISA AMERICA, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | No. 2:20-cv-02493-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendant Lovisa America, LLC's ("Defendant") Motion to Dismiss. (ECF No. 12.) Plaintiff Valerie Brooks ("Plaintiff") filed an opposition. (ECF No. 15.) Defendant filed a reply. (ECF No. 17.) For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.

///
///
///
///
///
///

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she is a visually impaired and legally blind individual who requires screen-reading software to read website content on her computer. (ECF No. 1 at 1.) Plaintiff claims she visited Defendant's website, https://www.lovisa.com/ ("the Website"), on several unspecified occasions, most recently in 2020. (*Id.* at 8–10.) However, in navigating the Website, Plaintiff encountered "multiple access barriers" while using screen-reading software. (*Id.*) Plaintiff claims those barriers "deterred and impeded [her] from the full and equal enjoyment of goods and services offered in Defendant's stores and from making purchases at such physical locations." (*Id.* at 10.) Plaintiff further alleges that she "was unable to find the location and hours of operation of Defendant's locations on its website, preventing Plaintiff from visiting the locations to purchase goods and/or services." (*Id.*)

In terms of the offending website barriers, Plaintiff alleges she encountered several shortcomings, including the lack of alternative text ("alt-text") code embedded beneath a website graphic or image that would enable the screen-reading software to describe the graphic or image for a sight-impaired user. (*Id.* at 9–10.) Moreover, Plaintiff complains of an inability to access information on the Website, including "goods and services such as new arrivals, top trending items, specific collections, festive accessories, gifts, face masks, body piercings, earrings, hair accessories, necklaces, wristwear, rings, kids' jewelry, ear piercings, and sale items." (*Id.* at 9.)

On December 16, 2020, Plaintiff filed a complaint alleging two claims against Defendant: (1) violation of Title III of the Americans with Disabilities Act ("ADA"); and (2) violation of the California Unruh Civil Rights Act, California Civil Code § 51, *et seq.* ("Unruh Act"). (ECF No. 1.) On June 8, 2021, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 12.) Plaintiff filed an opposition on June 24, 2021. (ECF No. 15.) Defendant filed a reply on July 1, 2021. (ECF No. 17.)

II. **STANDARD OF LAW**

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court

1    determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the
2    action."). A court considering a motion to dismiss for lack of subject matter jurisdiction is not
3    restricted to the face of the complaint and may review any evidence to resolve disputes
4    concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.
5    1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.
6    1979) (in a factual attack on subject matter jurisdiction, "[n]o presumptive truthfulness attaches to
7    plaintiff's allegations"). "Once challenged, the party asserting subject matter jurisdiction has the
8    burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)
9    (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

10   If a plaintiff lacks standing under Article III of the United States Constitution, then the
11   court lacks subject matter jurisdiction and the case must be dismissed. *See Steel Co. v. Citizens*
12   *for a Better Env't*, 523 U.S. 83, 102–04 (1998). Similarly, "if none of the named plaintiffs
13   purporting to represent a class establishes the requisite case or controversy with the defendants,
14   none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*,
15   414 U.S. 488, 494 (1974). To satisfy Article III standing, a plaintiff must allege: (1) an injury-in-
16   fact that is concrete and particularized, as well as actual or imminent, not conjectural or
17   hypothetical; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is
18   redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39
19   (2016); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). Plaintiff bears the
20   burden of proof and must "clearly . . . allege facts demonstrating each element." *Spokeo, Inc.*,
21   578 U.S. at 338 (internal quotations omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518
22   (1975)). "[E]ven named plaintiffs who represent a class 'must allege and show that they
23   personally have been injured, not that injury has been suffered by other, unidentified members of
24   the class to which they belong.'" *Id.* at 338 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426
25   U.S. 26, 40 n.20 (1976)).

26   **III.    ANALYSIS**
27   Defendant moves to dismiss Plaintiff's ADA claim and Unruh Act claim under Rule
28   12(b)(1). (ECF No. 12.) The Court will first address the ADA claim before turning to the Unruh

3

Act Claim.

## A. Claim One: ADA

Defendant moves to dismiss Plaintiff's ADA claim, arguing the Court lacks subject matter jurisdiction because: (1) Plaintiff's complaint fails to properly plead an "injury-in-fact" needed to establish standing; (2) the ADA claim is moot; and (3) Plaintiff cannot show that a future injury is actual or imminent. (ECF No. 12 at 2.) Defendant also argues that should the Court dismiss Plaintiff's ADA claim, it must also dismiss Plaintiff's Unruh Act claim for lack of subject matter jurisdiction. (*Id.*) The Court will first address mootness before turning to the other arguments raised.

### i. *Mootness*

Defendant asserts the Website is substantially compliant and will remain substantially compliant and accessible to everyone, thus rendering Plaintiff's ADA claim moot. (*Id.* at 10.) Defendant supports its argument with the declaration of Martin Li, who declares an April 30, 2021 web accessibility audit report found zero errors on the Website.[1] (ECF No. 12-1 at 2.) In opposition, Plaintiff argues that any changes made to the Website did not ameliorate the "pervasive issues" within the Website. (ECF No. 15 at 20.) Plaintiff submits the declaration of her expert, Kannan Arumugam, who declares he tested the Website on June 23, 2021 and found it was not compliant with accessibility guidelines.[2] (ECF No. 16 at 2.) Plaintiff also argues the issue of mootness is intertwined with the merits of her ADA claim. (ECF No. 15 at 22–23.)

Article III of the Constitution limits federal subject matter jurisdiction to "cases" and "controversies." U.S. Const. art. III. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that

---

[1] Martin Li is identified as the Head of Digital for Defendant. (ECF No. 12-1 at 2.)
[2] Kannan Arumugum is identified as an ADA consultant. (ECF No. 16 at 2.)

4

1   it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."
2   *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

3   In the ADA context, "a defendant's voluntary removal of alleged barriers prior to trial
4   may render a plaintiff's ADA claim moot." *Johnson v. Starbucks Corp.*, No. 16-cv-00724-DMR,
5   2018 WL 5099283, at *4 (N.D. Cal. Oct. 17, 2018) (citing *Oliver v. Ralphs Grocery Co.*, 654
6   F.3d 903, 905 (9th Cir. 2011)); *see also Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145
7   (S.D. Cal. 2006). "However, courts have been more reluctant to find that an ADA plaintiff's
8   claims have been mooted where the alleged barriers are not structural in nature, since
9   nonstructural barriers (such as policy changes or features on a website) are more likely to
10  reoccur." *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-cv-06015-DMR, 2021 WL
11  148237, at *3 (N.D. Cal. Jan. 15, 2021); *see also Langer v. Kaimana LLC*, 2016 WL 7029151, at
12  *2 (C.D. Cal. Dec. 1, 2016) ("Unlike ADA cases involving post-lawsuit structural alterations,
13  which would require defendants to make physical alterations to a non-ADA compliant property,
14  the policy at issue here simply requires Defendants' inaction.").

15  Here, Defendant has not met its burden to show it is absolutely clear that the allegedly
16  wrongful behavior could not reasonably be expected to recur. *See Laidlaw*, 528 U.S. at 190.
17  First, the Court notes the parties dispute whether the Website has been made compliant through
18  the removal of accessibility barriers. Second, even if the Website had the alleged accessibility
19  barriers removed and it was made compliant, it is not abundantly clear that the Website could not
20  reasonably fall out of compliance. *See Johnson v. SSR Grp., Inc.*, No. 15-cv-5094-MEJ, 2016
21  WL 3669994, at *4 (N.D. Cal. July 11, 2016) ("While laudable, these voluntary remediation
22  efforts are not structural in nature, and could easily reoccur despite Defendant's best intentions.");
23  *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1193 (N.D. Cal. 2007) ("[T]he
24  continuous addition of new pages to Target.com argues against a mootness finding.").
25  Accordingly, the Court does not find Plaintiff's ADA claim to be moot.

26          *ii.    Injury-in-Fact*

27  Defendant contends that Plaintiff failed to satisfy the injury-in-fact requirement because
28  Plaintiff's complaint only provides conclusory and insufficient facts that the Website has

5

accessibility barriers. (ECF No. 12 at 6.) Defendant argues the complaint fails to identify the specific portion of the Website with the alleged barriers. (*Id.* at 7.) Defendant also argues the complaint fails to identify any product or service Plaintiff intended to purchase but could not purchase due to the alleged barriers. (*Id.*) Plaintiff opposes, arguing her allegations satisfy the injury-in-fact requirement because she demonstrated both deterrence and an injury-in-fact coupled with an intent to return to a noncompliant facility. (ECF No. 15 at 14.) Plaintiff contends she need not identify each individual subsection of the Website in which a barrier was present. (*Id.* at 12–14.) Plaintiff also asserts that she has identified four major and pervasive barriers. (*Id.* at 8.)

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). For an injury-in-fact under the ADA, a plaintiff must demonstrate she encountered a barrier that interfered with her "full and equal enjoyment" of the place of public accommodation on account of her particular disability. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc).

Under the ADA, places of public accommodation must be "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services," or, there must at least be "some connection between the good or service complained of and an actual physical place[.]" *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). Where the alleged accessibility barrier is on a website, the plaintiff must plead a sufficient "nexus" between the website and a physical place of public accommodation. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019); *see also Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 952 (N.D. Cal. 2006) ("[C]ourts have held that a plaintiff must allege that there is a 'nexus' between the challenged service and the place of public accommodation."). On their own, websites are not places of public accommodation. *See Weyer*, 198 F.3d at 1114; *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) ("The Netflix website is not 'an actual physical place' and therefore, under Ninth Circuit law, is not a

1   place of public accommodation.").

2   While the nexus requirement was not raised by Defendant (*see* ECF No. 12), the Court has
3   an independent duty to assess whether Plaintiff has sufficiently alleged an injury-in-fact.  *See*
4   *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an
5   independent obligation to examine their own jurisdiction, and standing 'is perhaps the most
6   important of [the jurisdictional] doctrines.'"); *Summers v. Earth Island Inst.*, 555 U.S. 488, 499
7   (2009) ("[I]t is well established that the court has an independent obligation to assure that
8   standing exists, regardless of whether it is challenged by any of the parties.").  Therefore, the
9   Court must assess the nexus requirement because if Plaintiff has not sufficiently alleged a nexus
10  between the Website and a place of public accommodation, then Plaintiff has not alleged an
11  injury-in-fact under the ADA.  *See Erasmus v. Ryan A. Dunlop, D.M.D., Inc.*, No. 1:21-cv-01236-
12  AWI-SAB, 2022 WL 2805961, at *6 (E.D. Cal. July 18, 2022); *Pep Boys*, 2021 WL 148237, at
13  *6.

14  Here, Plaintiff makes the conclusory allegation that Defendant's physical stores and the
15  Website are integrated.  (ECF No. 1 at 4); *see Planned Parenthood of Greater Wash. & N. Idaho*
16  *v. U.S. Dep't of Health & Hum. Servs.*, 328 F. Supp. 3d 1133, 1154 (E.D. Wash. 2018) (noting a
17  court may disregard conclusory allegations not supported by reasonable deductions when ruling
18  on a Rule 12(b)(1) motion).  Disregarding this conclusory allegation, Plaintiff fails to sufficiently
19  allege a nexus between the Website and a place of public accommodation.

20  Plaintiff does not allege that she tried to order items from the Website for pickup at one of
21  Defendant's stores but was unable to do so.  (*See generally* ECF No. 1); *see Pep Boys*, 2021 WL
22  148237, at *6 (noting the plaintiff did not allege "he was trying to use the website to order goods
23  or services from Pep Boys' physical location"); *Brooks v. See's Candies, Inc.*, No. 2:20-cv-
24  01236-MCE-DB, 2021 WL 3602153, at *3 (E.D. Cal. Aug. 13, 2021) (noting the plaintiff did not
25  allege "she tried to order candy from the website for pickup at a See's shop but was unable to do
26  so"). Nor does Plaintiff identify any integration or interconnectedness between the Website and
27  Defendant's physical stores comparable to that encountered in *Robles*.  (*See generally* ECF No.
28  1); *Robles*, 913 F.3d at 905 ("Domino's website and app . . . are two of the primary (and heavily

advertised) means of ordering Domino's products to be picked up at or delivered from the Domino's restaurants.").

Instead, Plaintiff identifies a store locator (ECF No. 1 at 10) that, "by all indications, would have no functional difference from the results obtained by a simple Google search for [Defendant's physical stores] on any internet browser." *See's Candies, Inc.*, 2021 WL 3602153, at *3 (E.D. Cal. Aug. 13, 2021) (granting a motion to dismiss in a nearly identical action filed by Plaintiff and Plaintiff's counsel); *see also Brooks v. Lola & Soto Bus. Grp., Inc.*, No. 2:21-cv-00158-TLN-DB, 2022 WL 616798, at *7 (E.D. Cal. Mar. 2, 2022) (same). Plaintiff provides no explanation as to why the alleged accessibility barriers prevented her from ascertaining the location or hours of operation of Defendant's physical stores. (*See* ECF No. 1.) Thus, Plaintiff's complaint is devoid of any specific allegation that the Website is integrated with Defendant's physical locations in any particular way.

Plaintiff has not sufficiently alleged the nexus requirement, and therefore, Plaintiff has not alleged an injury-in-fact under the ADA. *See Erasmus*, 2022 WL 2805961, at *6; *Pep Boys*, 2021 WL 148237, at *6. Because Plaintiff has not alleged an injury-in-fact, she therefore lacks standing. Without standing, the Court lacks subject matter jurisdiction to hear Plaintiff's ADA claim. *See Steel Co.*, 523 U.S. at 102–04. Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's ADA claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[3]

          B.     Claim Two: Unruh Act

Defendant moves to dismiss Plaintiff's Unruh Act claim because Plaintiff has pleaded an Unruh Act claim predicated on an ADA claim subject to dismissal. (ECF No. 12 at 12.) In opposition, Plaintiff asserts that because her case is not moot and Plaintiff's ADA claim is not subject to dismissal, Plaintiff's Unruh Act claim should not be dismissed. (ECF No. 15 at 23.)

A plaintiff can recover under the Unruh Act on grounds that: (1) a violation of the ADA has occurred under California Civil Code § 51(f); or (2) that she has been denied access to a

---

[3] Because the Court has already determined Plaintiff has not alleged an injury-in-fact regarding her ADA claim, the Court does not consider Defendant's argument that Plaintiff cannot show that a future injury is actual or imminent. (*See* ECF No. 12 at 10–11.)

business establishment due to intentional discrimination in violation of California Civil Code § 52. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664–65 (2009). "[A] violation of the ADA is, *per se*, a violation of the Unruh Act." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) (italics in original). Therefore, "a plaintiff who pleads a violation of the ADA does not need to allege anything further in order to state a claim under the Unruh Act." *Nat'l Fed'n of the Blind*, 452 F. Supp. 2d at 957 (citing *Lentini*, 370 F.3d at 847).

Here, as discussed, the complaint does not sufficiently allege an injury-in-fact for Plaintiff's ADA claim. Therefore, because Plaintiff only argues the Unruh Act claim should not be dismissed because the ADA claim is not subject to dismissal, the Court must dismiss Plaintiff's Unruh Act claim as well.[4] *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding that where a court dismisses a federal claim for lack of standing, the court "ha[s] no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims"); *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C.] § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). The Court thus GRANTS Defendant's motion to dismiss Plaintiff's Unruh Act claim pursuant to Rule 12(b)(1).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss. (ECF No. 12.) Plaintiff is hereby granted thirty (30) days from the electronic filing date of this Order to file an amended complaint in conformity with this Order. Defendant shall file a responsive pleading to the amended complaint within twenty-one (21) days from the electronic

---

[4] While Plaintiff's complaint also invokes subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") (ECF No. 1 at 3), Plaintiff has not asserted CAFA jurisdiction in her opposition (*see* ECF No. 15 at 23). Therefore, the Court does not consider the potential for CAFA jurisdiction in ruling on the instant motion to dismiss. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (listing cases where a party waived an issue by failing to raise it in the opposition; *In re Yahoo! Inc. S'holder Derivative Litig.*, 153 F. Supp. 3d 1107, 1124 n.11 (N.D. Cal. 2015) (finding arguments waived when the plaintiff failed to assert them in the opposition to the motion to dismiss).

1  filing date of the amended complaint.

2       IT IS SO ORDERED.

3  **DATED:  September 21, 2022**

Troy L. Nunley
United States District Judge