UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated, | No. 2:20-cv-02493-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| LOVISA AMERICA, LLC, a Delaware limited liability company; and DOES 1 to 10, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendant Lovisa America's ("Defendant") Motion to Dismiss.  (ECF No. 20.)  Plaintiff Valerie Brooks ("Plaintiff") filed an opposition.  (ECF No. 24.)  Defendant filed a reply.  (ECF No. 25.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

///

///

///

///

///

///

1

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**[1]

2           Plaintiff alleges she is a visually impaired and legally blind individual who requires

3    screen-reading software to read website content on her computer.  (ECF No. 19 at 1.)  Plaintiff

4    claims she visited Defendant's website, https://www.lovisa.com/ ("the Website"), on several

5    unspecified occasions.  (*Id.* At 7–10.)  However, in navigating the Website, Plaintiff encountered

6    "multiple access barriers" while using screen-reading software.  (*Id.*)  Plaintiff claims those

7    barriers "deterred and impeded [her] from the full and equal enjoyment of goods and services

8    offered in Defendant's brick-and-mortar stores through the website."  (*Id.* at 9.)  Plaintiff further

9    alleges that she "was unable use the website to complete a purchase online or locate a nearby

10   store to complete an in-store purchase."  (*Id.*)  Plaintiff alleges she was denied "the services and

11   goods provided by Defendant's stores through the website."  (*Id.*)

12          Plaintiff alleges she encountered several shortcomings with Defendant's website,

13   including a lack of alternative text ("alt-text") code embedded beneath website graphics or

14   images, which inhibits screen-reading software from audibly describing the graphic or image for

15   a sight-impaired user.  (*Id.* At 8–9.)  Moreover, Plaintiff complains that the inability to "access

16   Defendant's website, order online, and find a nearby store . . ." has "deterred [Plaintiff] from

17   accessing Defendant's website and Defendant's stores."  (*Id.* at 9.)

18           On December 16, 2020, Plaintiff filed a complaint alleging two claims against Defendant:

19   (1) violation of Title III of the Americans with Disabilities Act ("ADA"); and (2) violation of the

20   California Unruh Civil Rights Act, California Civil Code § 51, *et seq.* ("Unruh Act").  (ECF No.

21   1.)  On June 8, 2021, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of

22   Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction.  (ECF No. 12.)  On

23   September 21, 2022, the Court granted Defendant's Motion to Dismiss with leave to amend due

24   to Plaintiff's failure to properly allege standing under Article III of the United States Constitution.

25   (ECF No. 18.)

26          On October 21, 2022, Plaintiff filed the operative First Amended Complaint ("FAC")

27   _____

28   [1]      The following recitation of facts is taken, sometimes verbatim, from the allegations in the
     FAC.

alleging two claims against Defendant: (1) violation of Title III of the ADA; and (2) violation of the Unruh Act.  (ECF No. 19.)  Defendant moved to dismiss the FAC in its entirety for lack of standing, lack of subject matter jurisdiction, and for failing to state a claim pursuant to Rule 12(b)(6).  (ECF No. 20.)  Plaintiff filed an opposition on December 5, 2022.  (ECF No. 24.)  Defendant submitted a reply on December 22, 2022.  (ECF No. 25.)

## II.     STANDARD OF LAW

A motion under Rule 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction cannot be forfeited or waived.  *Howard Jarvis Taxpayers Ass'n. v. Cal. Secure Choice Ret. Sav. Program*, 443 F.Supp.3d 1152, 1156 (E.D. Cal. 2020).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)).

Article III standing is a jurisdictional issue "deriving from the requirement of a case or controversy under Article III."  *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) (internal citations omitted).  "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) (citing

1 | *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 101–02 (1998)).  To satisfy Article III

2 | standing, a plaintiff must allege: (1) an injury-in-fact that is concrete and particularized, as well as

3 | actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the challenged

4 | action of the defendant; and (3) that is redressable by a favorable judicial decision.  *Spokeo, Inc.*

5 | *v. Robins*, 578 U.S. 330, 338–39 (2016); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139,

6 | 149 (2010).  Plaintiff bears the burden of proof and must "clearly . . . allege facts demonstrating

7 | each element." *Spokeo, Inc.*, 578 U.S. at 338 (internal citation and quotations omitted).  "[E]ven

8 | named plaintiffs who represent a class 'must allege and show that they personally have been

9 | injured, not that injury has been suffered by other, unidentified members of the class to which

10 | they belong.'" *Id.* at 338 n.6 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20

11 | (1976)).

12 | A motion to dismiss for failure to state a claim upon which relief can be granted under

13 | Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

14 | *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

15 | "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

16 | Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in

17 | federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

18 | grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

19 | citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

20 | discovery rules and summary judgment motions to define disputed facts and issues and to dispose

21 | of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

22 | On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

23 | *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

24 | reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

25 | *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

26 | "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

27 | relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

28 | / / /

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

allegations that contradict matters properly subject to judicial notice).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Defendant moves to dismiss Plaintiff's FAC in its entirety under Rules 12(b)(1) and 12(b)(6).  The Court will address each claim in turn.

A.   Claim One: Violations of the ADA

Defendant argues Plaintiff "fails to properly plead an 'injury-in-fact' needed to establish standing . . . ."  (ECF No. 20 at 2.)  More specifically, Defendant argues Plaintiffs FAC is conclusory and devoid of facts necessary to establish the required nexus between the website and the physical place of public accommodation.  (*Id.*)  In opposition, Plaintiff argues the FAC contains allegations sufficient to demonstrate the "interconnectedness between the goods sold on Defendant's website and Defendant's stores" thus satisfying the nexus requirement.   (ECF No. 24 at 6.)  Plaintiff further argues the "injury-in-fact" is satisfied by her attempt to purchase jewelry on the Website, which offers products like those offered in Defendant's store.  (*Id.*)  Plaintiff appears to allege two violations of the ADA under Claim One: (1) a violation regarding the store locator function on Defendant's website; and (2) a violation related to the labeling and embedded alt-text of Defendant's website.  (ECF No. 19 at 9.)

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).
For an injury-in-fact under the ADA, a plaintiff must demonstrate she encountered a barrier that
interfered with her "full and equal enjoyment" of the place of public accommodation on account
of her particular disability. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir.
2011) (en banc).

Under the ADA, places of public accommodation must be "actual, physical places where
goods or services are open to the public, and places where the public gets those goods or
services," or, there must at least be "some connection between the good or service complained of
and an actual physical place[.]" *Weyer*, 198 F.3d at 1114. On their own, websites are not places
of public accommodation. *See Weyer*, 198 F.3d at 1114; *Cullen v. Netflix, Inc.*, 880 F.Supp.2d
1017, 1024 (N.D. Cal. 2012) ("The Netflix website is not 'an actual physical place' and therefore,
under Ninth Circuit law, is not a place of public accommodation."). Where the alleged
accessibility barrier is on a website, the plaintiff must plead a sufficient "nexus" between the
website and a physical place of public accommodation. *Robles v. Domino's Pizza, LLC*, 913 F.3d
898, 905 (9th Cir. 2019); *see also Nat'l. Fed'n. of the Blind v. Target Corp.*, 452 F.Supp.2d 946,
952 (N.D. Cal. 2006) ("[A] plaintiff must allege that there is a 'nexus' between the challenged
service and the place of public accommodation.").

*i.    Store locator violation*

As stated above, Defendant argues Plaintiff failed to plead a nexus between its website
and physical locations. (ECF No. 20 at 2.) Plaintiff's FAC specifically alleges that she was
unable to use the website to "locate a nearby store to complete an in-store purchase." (ECF No.
19 at 9.) This adequately demonstrates a nexus between the Website and physical locations
because Plaintiff was deprived of "full and equal enjoyment" of the services available to sighted
people. The purpose of the store locator is to provide customers with information regarding
Defendant's brick-and-mortar stores. Without access to the store locator on the Website, Plaintiff
is unable to gather information regarding Defendant's physical store locations, hours, and
importantly, is deprived of information that would give them access to the physical store.
Therefore, Plaintiff is necessarily deprived of the ability to complete an in-store purchase because

1    Plaintiff is unable to access information needed to get to the store.  *See Reed v. CVS Pharmacy*

2    *Inc.*, CV 17-3877-MWF, 2017 WL 4457508, at *3 (C.D. Cal. Oct. 3, 2017) (Finding a nexus

3    between CVS' website and physical store based on the plaintiff's allegation "that she was unable

4    to access the store locator feature on CVS' website . . ..");  *see also Robles*, 913 F.3d at 905 ("The

5    alleged inaccessibility of Domino's website and app impedes access to the goods and services of

6    its physical pizza franchises . . ..").  This allegation is sufficiently specific for the Court to

7    plausibly infer that the barriers Plaintiff faced regarding the store locator were related to

8    Defendant's physical stores.  *See Id.*[2]

9         Accordingly, the Court DENIES Defendant's motion to dismiss Claim One with respect to

10   the ADA violation based on the Defendant's website store locator.

11                            *ii.     Labels violation*

12        Plaintiff argues that her alleged attempt at purchasing "jewelry using Defendant's website

13   which Defendant offers in conjunction with Defendant's physical stores . . ." is sufficient to

14   create a nexus between the good or service complained of and Defendant's brick-and-mortar

15   stores.  (ECF No. 24 at 6.)  Plaintiff argues that *Reed* and *Robles* are analogous cases.  (*Id.*)  The

16   Court disagrees.  The factual allegations in each of these cases differ from Plaintiff's allegations

17   in the FAC.

18        In *Robles*, the Ninth Circuit found a nexus between the Domino's website, app, and

19   physical pizza franchises because "customers use the website and app to locate a nearby

20   restaurant and order pizzas for at-home delivery or in-store pickup."  *Robles*, 913 F.3d at 905.

21   Similarly, in *Reed*, the court found a nexus between CVS' mobile app and physical locations

22   because the plaintiff pleaded that "she was unable to browse CVS' products on the mobile app,

23   meaning that unlike sighted customers she was unable to determine in advance whether a

24   particular location offered the product or service she sought."  *Reed*, 2017 WL 4457508, at *3.

25   Here, Plaintiff's FAC lacks factual allegations that a nexus exists between the products listed on

26

27   _____

[2] Defendant cites to Rule 12(b)(6) once, however, there are no related arguments as to Claim One.
28   (ECF No. 20 at 2.)  Therefore, the Court rules on this motion regarding Claim One pursuant to
     Rule 12(b)(1).

1   Defendant's Website and the products sold in Defendant's brick-and-mortar stores.  Plaintiff

2   argues the allegation that "the goods and services offered on the website are an extension of the

3   goods and services offered in Defendant's brick-and-mortar stores . . ." is similar to the

4   allegations in both *Robles* and *Reed*.  (ECF No. 6–7.)  However, contrary to Plaintiff's argument,

5   the FAC does not allege that Plaintiff utilized the website for the purpose of browsing

6   Defendant's in-store products, selecting items for in-store pickup, or identifying the types of

7   goods and services offered at Defendant's physical locations with the intention of visiting the

8   brick-and-mortar stores.  *See Reed*, 2017 WL 4457508, at *1 (finding a nexus between the mobile

9   app and physical location where the plaintiff pleaded that she was unable to ascertain what

10  products were available in specific store locations); *Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-

11  DAD-JDP, 2023 WL 2025024, at *6 (E.D. Cal. Feb. 15, 2023) (finding nexus between the

12  defendant's website and physical location where the plaintiff alleged "the specific barriers she

13  encountered on the Website that impeded her ability to purchase apparel for in-store pickup.").

14  Plaintiff thus fails to allege facts sufficient to satisfy the nexus requirement related to the alleged

15  labels violations.

16          Accordingly, the Court GRANTS Defendant's motion to dismiss Claim One with leave to

17  amend with respect to the ADA violation based on improper coding of website labels.

18                   B.  Claim Two: Unruh Act

19          Defendant moves to dismiss Plaintiff's Unruh Act claim because Plaintiff's Unruh Act

20  claim is predicated on the ADA claims subject to dismissal.  (ECF No. 20 at 3.)  In opposition,

21  Plaintiff asserts that because her ADA claim is not subject to dismissal, Plaintiff's Unruh Act

22  claim should not be dismissed.[3]  (ECF No. 24 at 8.)

23

24  [3] Plaintiff appears to allege two separate violations of the Unruh Act under Claim Two: (1)
    "Defendant is denying visually-impaired customers the services provided by [the Website]"; and
25  (2) Defendant violated the Unruh Act based on their violation of the ADA.  (ECF No. 19 at 17.)
    As to Plaintiff's first theory, Defendant argues "Plaintiff cannot establish that any purported
26  discrimination was intentional."  (ECF No. 20 at 11.)  In opposition, Plaintiff concedes that the
    "FAC contains no allegations regarding the intentionality of Defendant's actions . . .."  (ECF No.
27  24 at 8.)  Therefore, the Court will only address Claim Two as it relates to Defendant's alleged
    violation of the ADA.
28

A plaintiff can recover under the Unruh Act on grounds that: (1) a violation of the ADA has occurred under California Civil Code § 51(f); or (2) that she has been denied access to a business establishment due to intentional discrimination in violation of California Civil Code § 52.  *See Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664–65 (2009).  "[A] violation of the ADA is, *per se*, a violation of the Unruh Act."  *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) (italics in original).  Therefore, "a plaintiff who pleads a violation of the ADA does not need to allege anything further in order to state a claim under the Unruh Act."  *Nat'l Fed'n of the Blind*, 452 F.Supp.2d at 957 (citing *Lentini*, 370 F.3d at 847).

Here, as discussed above, the FAC sufficiently alleges an injury-in-fact for Plaintiff's ADA claim regarding the inaccessible website store locator.  However, Plaintiff did not sufficiently allege an injury-in-fact for her ADA claim regarding improper coding of the website's various labels.  Therefore, because Plaintiff only argues the Unruh Act claim should not be dismissed because the ADA claim is not subject to dismissal, the Court must dismiss Plaintiff's Unruh Act claim in regard to the improper coding of labels.  *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding that where a court dismisses a federal claim for lack of standing, the court "ha[s] no discretion to retain supplemental jurisdiction over [plaintiff's] state law claims"); *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C.] § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

Accordingly, the Court DENIES Defendant's motion to dismiss Claim Two with respect to the ADA violation based on the Defendant's inaccessible website store locator.  The Court GRANTS Defendant's motion to dismiss Claim Two with leave to amend with respect to the ADA violation based on improper coding of website labels.

///

///

///

1     IV.     CONCLUSION

2          For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's

3     Motion (ECF No. 20) as follows:

4          1.   The Court DENIES Defendant's Motion to Dismiss Claims One and Two with

5               respect to the ADA violation based on the Defendant's inaccessible website store

6               locator.

7          2.   The Court GRANTS Defendant's Motion to Dismiss Claims One and Two with

8               leave to amend with respect to the ADA violation based on improper coding of

9               website labels.

10         Plaintiff may file a second amended complaint not later than thirty (30) days from the

11    electronic filing date of this Order.  Defendant shall file a responsive pleading not later than

12    twenty-one (21) days after Plaintiff files a second amended complaint.  If Plaintiff opts not to file

13    a second amended complaint, this case will proceed on the remaining claims in the FAC (Claims

14    One and Two with respect to the ADA violation based on the Defendant's inaccessible website

15    store locator), and Defendant shall file an answer not later than twenty-one (21) days from

16    Plaintiff's deadline for filing a second amended complaint.

17         IT IS SO ORDERED.

18    Date:  June 12, 2023

19

20

21    _____
      Troy L. Nunley
22    United States District Judge

23

24

25

26

27

28

                                    11